NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
NOV 08 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-363-KSF

LARRY BALLARD     PETITIONER

VS:     **MEMORANDUM OPINION AND ORDER**

WARDEN BOOKER     RESPONDENT

\* \* \* \* \*

Larry Ballard, who is currently incarcerated in the Federal Medical Center in Lexington, Kentucky, has submitted a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. The matter is now before the Court for screening. 28 U.S.C. §2243.[1] For the reasons to be discussed below, the petition will be denied.

## ALLEGATIONS AND CLAIMS

The following is a summary of the factual allegations and the claims made in the instant petition.

The petitioner claims that his due process and equal protection rights were violated in a prison disciplinary proceeding. He specifically alleges that the hearing officer failed to follow Bureau of Prisons' ("BOP") policy and its regulations as set forth in the Code of Federal Regulations.

Petitioner Ballard attaches a copy of his appeal of the conviction to the BOP regional office.

---

[1] *See also Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970)); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

Dated December 9, 2004, this document reveals that he was punished with the loss of 27 days of good time credits; he based his appeal on the untimeliness of his written notice of the charge; and he sought both restoration of the credits and expungement of the incident from his records.

## DISCUSSION

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy....'"). Moreover, exhaustion of administrative remedies should be implemented to prepare a record. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§542.10-.19 (1998). It consists of 4 steps. Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* §542.15 (a) - (b).

In the case *sub judice*, the petitioner does not allege that he exhausted the BOP administrative process. His attachment is evidence of his going only to the third step. There is no evidence or allegation of his appealing to the national office, which must be completed to reach exhaustion. Moreover, the sole document provided gives only the petitioner's position on the matter, not the BOP's. Thus, he has failed not only to comply with the letter of the law, but its purpose. He has failed to provide a record for the Court.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

(1)  The petition of Larry Ballard for a writ of habeas corpus is **DENIED**; and

(2)  this action will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 8th day of November, 2005.

KARL S. FORESTER, SENIOR JUDGE